In the Matter of JACK S. WASSERMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 30, 1975

*John G. Bonomi* of counsel *(Daniel J. Bloom* with him on the brief), for petitioner.

*Stuart A. Jackson* of counsel *(Rogers & Wells,* attorneys), for respondent.

*Per Curiam.* Petitioner moves to confirm in part and disaffirm in part the report of the Referee to whom charges of professional misconduct against respondent, who was admitted to practice in the Second Judicial Department on December 21, 1955, were referred.

Specifically, petitioner requests us to disaffirm the Referee's failure to sustain the allegation that respondent forged his client's indorsement on a check representing her share of the proceeds of the settlement of a personal injury claim; and to confirm the balance of the report which sustained 13 charges of professional neglect and one charge of conversion.

Respondent admitted the charges which were sustained; but denied the forgery allegation, relying on the claim that he was authorized to indorse his client's name on the check by her son. Faced with conflicting testimony on this issue, the Referee found insufficient proof to sustain the charge. The Referee's findings, predicated on his first-hand opportunity to observe and judge the witnesses and the testimony before him, is entitled to great weight; and, on the record before us, we find no reason to disturb the same. Accordingly, the Referee's findings are, in all respects, confirmed.

In mitigation, respondent contends that 11 of the 13 neglected matters were reactivated to his clients' satisfaction, albeit only after receipt of a complaint lodged with petitioner; and, more importantly, that his conduct (as confirmed by his

psychiatrist who testified at the hearing) was attributable to the fact that, between 1968 and 1973, he was suffering from a mental disorder diagnosed as "a chronic moderately severe depression of a neurotic type", resulting from a chemical imbalance.

While there is support in the record for the conclusion that respondent's mental depression contributed materially to the neglect of his clients' interests, such condition merely serves to explain respondent's conduct and deserves consideration in arriving at the measure of discipline to be imposed, but does not exonerate him.

After considering all of the circumstances of this case, which involve serious acts of misconduct, and giving due weight to the mitigating factors, we have determined that respondent should be suspended for a period of two years and until the further order of this court.

MARKEWICH, J. P., MURPHY, LUPIANO, TILZER and CAPOZZOLI, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective January 30, 1976.